## No. 1297.

### DAVID B. THOMPSON vs. GEORGE C. WALKER, TESTAMENTARY EXECUTOR.

In an action by one partner against another praying for a full and final settlement of the partnership affairs, a demand that the defendant, who had been left in charge as liquidator after the dissolution, file an account of his gestion, is only incidental to, and not inconsistent with, the main demand.

Neither is a prayer to recover *at least* a certain amount and such further amount as may be found due on settlement, inconsistent with the action of settlement.

A plea of full and final settlement is not sustained by evidence of only a partial settlement.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Allen*, J.

*Breaux & Renoudet*, for Plaintiff and Appellant.
*Don Caffery*, for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J.   The action is brought by plaintiff, surviving partner of the late firm of Walker & Thompson, against the defendant as executor and legal representative of the deceased partner, Charles H. Walker.

The prayer of the petition is : " That a full settlement be made by said defendant of all the business affairs of Walker & Thompson (partners as before-mentioned), in manner and form required, and that defendant file a full statement and account on trial, showing amounts received and disbursed and everything in that connection necessary to a final settlement.   He further prays that said defendant be condemned to pay plaintiff *at least* the sum of $1500 before mentioned, and the sum of $544 with interest, and that defendant be condemned to pay *as much more as may be found due on general settlement*, and that judgment be accordingly rendered.

He further prays that all accounts, claims and demands be finally settled, and for general relief."

Defendant filed the following exceptions : " 1st.   That the only action plaintiff is entitled to, if any, is an action for settlement of partnership accounts, and not an action compelling defendant to account.

" 2d.   That no action can be brought by one partner against another for items of indebtedness of an individual character, but that the action is limited to one for settlement of partnership affairs and accounts, and for whatever amount may be found due on balance.

" 3d.   And in case the foregoing are overruled, defendant says that, by notarial act of date 19th July, 1879, plaintiff and defendant fully and finally settled all the partnership affairs of the firm of Walker & Thompson, and that in consequence this action cannot be maintained."

From a judgment maintaining these exceptions and dismissing the suit, the present appeal is taken.

We think the exceptions have not the slightest merit.   The action is unquestionably one for the settlement of the partnership.

The demand on defendant to account is a mere incident of the action, based on the allegation contained in the petition that, by the terms of the dissolution, defendant was charged with liquidation and settlement and with the duty to render such account.

The claim to a judgment for *at least* the specific sums named is also entirely subordinated to the prayer for a general settlement, in which, of course, the judgment will be for the amount found due, whether greater or less than the sums named.   These particular sums undoubt-

edly grow out of the partnership relations, and will form elements of the settlement, accordingly as they are sustained or not.

The last exception is inconsistent with the first two. Although we find the act of settlement referred to in the record, we find no note of its having been offered in evidence. But, in any event, it is, on its face, only a partial settlement, and not full and final; and, furthermore, the defendant denies the authority of the agent who acted in his behalf, and also attacks it on the grounds of error and fraud.

All these matters should be settled on the merits of the cause.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; that the exceptions interposed by defendant be, as such, overruled; and that the cause be remanded to the lower court to be there proceeded with according to law; defendant to pay costs of the exceptions in the lower court and those of this appeal.